UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SADI RAYYAN,

          Plaintiff,

Case No. 1:08-CV-324

v.

Hon. Richard Alan Enslen

LISA WEBB SHARPE, *et al.*,

          Defendants.

**ORDER**

_____/

Plaintiff Sadi Rayyan has filed this action against his employer for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § *2000e et seq.,* for harassment and a hostile work environment.  Though Defendants have moved to dismiss the Complaint, Plaintiff has responded by indicating that he intends to sue for numerous legal violations in addition to the claims asserted in the Complaint.  (July 24, 2008 Resp. 2.)  He also indicates that the workplace harassment has been continual so as to fall within the "continuing violation" doctrine.  (*Id.* at 6.)

Under Rule 12(b)(6), the district court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003).  The allegations must be construed in the plaintiff's favor.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

Rule 12 requires only a "short and plain statement of the claim" and not detailed allegations. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).  This standard is not empty, however.  It requires more than the bare assertion of legal conclusions.  *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). The complaint must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).  A complaint need not anticipate defenses. *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004).   Furthermore, the United States Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002), specifically rejected any requirement that a plaintiff plead a *prima facie* case under the *McDonnell Douglas* standards as a pre-condition to suit.[1]

Such rulings are binding upon this Circuit and have been followed extensively.  *See, e.g., Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007); *Gregory v. City of Louisville*, 444 F.3d 725, 754 (6th Cir. 2006); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 577 (6th Cir. 2004); *Memphis, Tenn. Area Loc., Am. Postal Workers Union*, 361 F.3d at 902.  Pleadings drafted by a *pro se* party are held to even a less stringent standard, given the liberal policy of the Federal Rules of Civil Procedure and the interest in promoting the resolution of disputes on their merits.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

In this case, it is apparent that Plaintiff desires to amend his Complaint to state additional claims.  As such, the instant Motion to Dismiss will be denied without prejudice while Plaintiff amends his Complaint pursuant to Federal Rule of Civil Procedure 15(a) to better assert his claims.

---

[1]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants Michigan Department of

Management and Budget and Lisa Webb Sharpe's Motion to Dismiss (Dkt. No. 4) is **DENIED**

**WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED LEAVE TO AMEND HIS**

**COMPLAINT** within 15 days of this Order.


                                                    /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:                RICHARD ALAN ENSLEN
        August 18, 2008                SENIOR UNITED STATES DISTRICT JUDGE