UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                            |
                                            |
SADI RAYYAN,                                |   Case No. 1:08-cv-324
                                            |
    Plaintiff,                               |   HONORABLE PAUL MALONEY
                                            |
    v.                                       |
                                            |
LISA WEBB SHARPE, Director of Michigan      |
Department of Management and Budget, and    |
DOES I THROUGH X AND EACH OF THEM,          |
                                            |
    Defendants.                              |
                                            |
_____

**Opinion and Order**

**Dismissing the FOIA Claim with Prejudice for Failure to State a Claim;
Dismissing the Title VII Claim with Prejudice as Untimely;**

**Dismissing All Other Federal Claims due to 11th Amendment Immunity;**

**Declining Supplemental Jurisdiction over the State-Law Claims;
Terminating the Case**

Plaintiff Sadi Rayyan ("Rayyan") is a 49-year-old male citizen of the United States, and he states that he is a Muslim of Arab ancestry. *See* First Amended Complaint filed September 2, 2008 ("Am Comp") ¶ 46. From August 1999 until May 11, 2002, Rayyan was employed as an Environmental Engineer - Level 12 by the defendant Michigan Department of Management and Budget ("the Department"), whose head is defendant Lisa Webb Sharpe ("Sharpe"). Am Comp ¶¶

1-3, 8, 12 and 18. The court construes Rayyan's claims against Sharpe as claims against her in her official capacity only.[1]

Effective May 12, 2002, Rayyan was promoted to Engineer Licensed Specialist - Level 13, *see* Am Comp ¶ 15, and he continues to serve in that capacity. Rayyan does not allege that he applied for any additional promotions after the 2002 promotion; as discussed below, however, he does allege that the Department eliminated two Level 14 / 15 positions after their occupants retired, with the intent of preventing him from applying for promotions to those positions.

The court has undisputed federal-question jurisdiction because Rayyan asserts claims for religious and national-origin discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") (count one); racial discrimination under 42 U.S.C. §§ 1981, 1983 and 1985 (count two); racial and ethnic discrimination through classification as a level 13 rather than a level 14 Project Director, under the federal Fair Labor Standards Act ("FLSA") (count three); and the federal Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") (count nine). *See* Am Comp ¶¶ 44-59 and 90-93.[2] Rayyan seeks declaratory relief, a permanent

---

[1]

"[W]here a complaint seeking monetary damages against a state official under 42 U.S.C. § 1983 does not clearly state that the official is sued in his individual or personal capacity, the court must treat the lawsuit as one against the defendant in his official capacity." *Harvest v. Randolph*, No. 95-6319, 104 F.3d 361, 1996 WL 7330130, *2 (6th Cir. Dec. 18, 1996) (citing, *inter alia*, *Wittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991) and *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989)).

[2]

In addition, Rayyan asserts a claim for racial discrimination under Michigan's Elliott-Larsen Civil Rights Act ("MELCRA") (count two) and state common-law claims for invasion of privacy (count four); intentional infliction of emotional distress ("IIED") (count five); negligent infliction of emotional distress ("NIED") (count six); written and spoken defamation (count seven); negligence in retaining known harassers (count eight); and conspiracy to violate the law by defamation, IIED or NIED, and unreasonable intrusion into his seclusion, home, and private affairs (count ten). *See* Am Comp ¶¶ 50-52 and 60-89 and 94-100.

injunction, compensatory damages including front pay/benefits and back pay/benefits, punitive damages, and attorney fees and costs, *see* Am Comp at 19, and he demands a jury trial, Am Comp ¶ 101.

Sharpe and the Department move to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject-matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction (Eleventh Amendment immunity), and pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim. For the reasons that follow, the State's Eleventh Amendment immunity requires the court to dismiss all of Rayyan's federal claims, except the FOIA and Title VII claim, both of which will be dismissed for failure to state a claim on which relief can be granted. The court will decline supplemental jurisdiction over Rayyan's state-law claims.

## PROCEDURAL HISTORY

Rayyan filed the original complaint on April 7, 2008, Sharpe and the Department were served on June 20, and Sharpe and the Department (hereinafter collectively "Sharpe") jointly filed a timely motion to dismiss on July 10, 2008. By order dated August 18, 2008, the Honorable Richard Alan Enslen, United States District Judge, granted Rayyan leave to amend his complaint within fifteen days, and denied without prejudice Sharpe's motion to dismiss the original complaint. Judge Enslen's order did not address the merits of any of the grounds for dismissal advanced by the defendant's motion, including Eleventh Amendment immunity, failure to state a FOIA claim, and untimeliness and failure to state a claim under Title VII.

By Administrative Order No. 08-122 dated August 25, the case was reassigned to this judge. On September 2, Rayyan timely filed an amended complaint, and on September 11, Sharpe moved

to dismiss the amended complaint. On September 19, Rayyan filed a two-page brief in opposition to the motion. The brief does not attempt to address any of the grounds for dismissal advanced in Sharpe's motion.

Sharpe did not file a reply brief in support of her motion, and the time for doing so has expired. *See* W.D. MICH. LCIVR 7.2(a) (a motion to dismiss is a dispositive motion); W.D. MICH. LCIVR 7.2(b) (a party which files a dispositive motion may file a reply brief within 14 days of receiving the other party's opposition brief); FED. R. CIV. P. 6(a)(1) (the period of time does not start running until the day after the brief is received); FED. R. CIV. P. 6(a)(2) (when calculating a period of time that is longer than ten days, the court must count weekends and holidays); FED. R. CIV. P. 6(a)(3) (if a deadline falls on a weekend or a legal holiday, the court must move the deadline to the next business day).

## DISCUSSION:
### Freedom of Information Act Claim (Count 9)

Count 9, Rayyan's FOIA claim, reads as follows:

90. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of the Amended Complaint as if fully set forth herein.

91. Plaintiff has a legal right under the FOIA to obtain the agency records he requested on February 12, 2007, and there exists no legal basis for DMB [the Michigan Department of Management and Budget]'s failure to make available such records.

92. DMB's failure to make promptly available the records sought by Plaintiff's request violates the FOIA, 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(I), and (a)(6)(C).

93. Plaintiff has suffered injury as a result of defendants' acts.

Am Comp ¶¶ 90-93. The background section of Rayyan's amended complaint states, in pertinent

part,

### 6. Violation of FOIA Requests

33. On February 12, 2007, the Plaintiff requested a copy of his employment records in the Facilities Administration files and the DMB Human Resources files. The requests (annexed as **Exhibit 7A** and **Exhibit 7B**) implied that the copies should be provided under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The Plaintiff discovered on August 25, 2008 that some documents with regard to his employment were not provided. Plaintiff has a legal right under the FOIA to obtain the employer records he requested on February 12, 2007, and there exists no legal basis for the employer['s] failure to make available such records. Failure to make promptly available the records sought by Plaintiff's requests violates the FOIA, 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(I), and (a)(6)(C)..

Am Comp ¶ 33 (boldface in original). The defendants state that Rayyan has failed to identify, either in his amended complaint or in his opposition brief, which documents have allegedly been withheld. On this basis, the defendants contend, Rayyan's FOIA claim must be dismissed for failure to state a claim on which relief can be granted.

The court will dismiss Rayyan's FOIA claim, but for a different reason: FOIA does not apply to agencies of *state* government, such as the defendant Michigan Department of Management and Budget. Title 5 U.S.C. § 552(a)(3) provides that, with exceptions not applicable here, "each *agency*, upon any request for records which (I) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." Emphasis added. Section 552(f) explains:

> For purposes of this section [5 U.S.C. § 552], the term – (1) 'agency' *as defined in section 551(1) of this title* [5 U.S.C. § 551(1)] includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency . . . ."

5 U.S.C. § 552 (f)(1) (emphasis added).  In turn, title 5 U.S.C. § 551(1) defines "agency" as follows: "For the purpose of this subchapter – (1) "agency" means each authority *of the Government of the United States*, whether or not it is within or subject to review by another agency, but does not include . . . ."  Emphasis added.

The definition of the agencies subject to the federal FOIA simply does not include state-government agencies.  *See Hulshof v. Jurkas*, No. 4:05-cv-152, 2006 WL 2943302, *6 (W.D. Mich. Oct. 13, 2006) (Robert Holmes Bell, C.J.) (citing *Butler v. Tenn. Bureau of Investigation*, No. 94-5082, 25 F.3d 1047, 1994 WL 194272, *1 (6th Cir. May 16, 1994) (unpublished table decision, text in WestLaw) (per curiam) (Ryan, Norris, & Engel, Judges) "Upon review, we conclude that the district court did not abuse its discretion in dismissing Butler's complaint as frivolous.  The FOIA simply does not apply to state agencies.  Therefore, Butler's arguments are meritless.") (citing 5 U.S.C. § 551(1))); *Proctor v. Higher Educ. Assistance Found'n*, 2008 WL 2390790, *4 (S.D. Ohio June 9, 2008) (John Holschuh, J.) ("The FOIA governs only federal agencies.") (citing *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 474, 484 (2d Cir. 1999) ("It is beyond question that FOIA applies only to federal and not to state agencies."))._[3]_ _[4]_

Accordingly, the federal FOIA does not authorize this court to order any state-government

---

[3]

The federal FOIA does define "non-federal agency", *see* 5 U.S.C. § 552a(a)(10), but only because federal agencies are prohibited from disclosing certain information to non-federal agencies absent a written agreement, *see* 5 U.S.C. § 552a(o).  "The inclusion of this definition does not mean that the FOIA is equally binding on non-federal agencies . . . ."  *Proctor*, 2008 WL 2390790 at *4 n.3.

[4]

*Accord Gamble v. Dep't of the Army*, 567 F. Supp.2d 150, 154 (D.D.C. 2008) (the federal FOIA and the federal Privacy Act cover only entities that derive their authority from the federal government) (citing *Brown v. Kelly*, No. 94-5222, 1994 WL 36144, *1 (D.C. Cir. Jan. 27, 1994) and 5 U.S.C. § 551(1)).

agency or official to provide requested documents, to provide an index of documents produced and withheld, or to state their justifications for not providing requested documents.

## DISCUSSION:
## 42 U.S.C. §§ 1981, 1983, 1985, and 2000e (Count 2)

The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign State." U.S. CONST., AMEND. XI. Courts have construed that language broadly, and the Eleventh Amendment generally bars suit in federal court against a State and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Skinner v. Govorchkin*, 463 F.3d 518, 524 (6th Cir. 2006); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, it is well established that even though the State itself is not named as a party to the action, the suit is nevertheless barred by the Eleventh Amendment if the suit is somehow deemed to be against the State. *Doe v. Wigginton*, 21 F.3d 733, 736 (6th Cir. 1994) (quoting *Edelman v. Jordan*, 451 U.S. 651, 663 (1974)).

As our Circuit discussed in *Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005) (*en banc*), a State's Eleventh Amendment immunity comes with a host of exceptions. The immunity does not apply if the lawsuit is not against the State or an arm of the State; the immunity does not extend to counties or municipal corporations; the immunity does not apply if the lawsuit is filed against a state official *purely* for injunctive relief enjoining the official from violating federal law; the immunity does not apply when the federal government brings the lawsuit; and Congress may abrogate the immunity if it acts expressly pursuant to its power under the enforcement clause of the Fourteenth Amendment

-7-

to the U.S. Constitution. *Id.* at 358-59.

It is well-established that Eleventh Amendment immunity bars 42 U.S.C. § 1981 and § 1983 claims in federal court against state-government entities and their employees in their official capacities. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000) (citing *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999) (recognizing that claims against a State under § 1981 are barred by the Eleventh Amendment) and *Quern v. Jordan*, 440 U.S. 332, 350 (1979) (holding that § 1983 does not override a State's Eleventh Amendment immunity)); *see, e.g., Sharma v. OSU*, 25 F. App'x 243, 248 (6th Cir. 2001) (Ryan, Cole, W.D.Va. Glen M. Williams) (section 1983 claims against two employees of State university in their official capacities, alleging national-origin harassment and failure to take measures to stop said harassment, respectively, were barred by Eleventh Amendment).

Eleventh Amendment immunity also precludes 42 U.S.C. § 1985 claims in federal court against State departments and their employees acting in their official capacities. *See Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 928 F.2d 404, 1991 WL 37824, *2 (6th Cir. Mar. 19, 1991) (p.c.) (Martin, Milburn, & Wellford) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 *and section 1985*.") (emphasis added) (citing, *inter alia*, *Quern v. Jordan*, 440 U.S. 332, 339-42 (1979) and *Cowan v. Univ. of Louisville Sch. of Med.*, 900 F.2d 9356, 940-41 (6th Cir. 1990)).[5]

---

[5]

District judges throughout our circuit routinely apply this rule to dismiss section 1985 claims against state agencies and officials. *See, e.g., Gilbert v. Correction Reception Ctr.*, 2008 WL 4347231, *5 (S.D. Ohio Sept. 19, 2008) (Holschuh, J.) ("Courts have consistently held that the Eleventh Amendment bars conspiracy claims brought against state agencies under 42 U.S.C. § 1985.") (citing *Ferritto*);

*Amadasu v. Donovan*, 2006 WL 1401648, *11 (S.D. Ohio May 18, 2006) (Dlott, J.);

### DISCUSSION:
### Fair Labor Standards Act (Count 3)

Likewise, "Eleventh Amendment immunity bars suit under the FLSA by private citizens against the State in federal court." *Wong-Opasi v. Tenn. State Univ.*, Nos. 99-5658 and 99-5660, 229 F.3d 1155, 2000 WL 1182827, *1 (6th Cir. Aug. 16, 2000) (p.c.) (Nelson, Siler, Batchelder) (citing *Wilson-Jones v. Caviness*, 99 F.3d 203, 205-06 (6th Cir. 1996), *amended on other grounds on denial of reh'g*, 107 F.3d 358 (6th Cir. 1997)). *See also Marine Mgmt., Inc. v. Commonwealth of Ky.*, 723 F.2d 13, 14-15 (6th Cir. 1983) ("In *Employees [v. Missouri Pub. Health Dep't*, 411 U.S. 279, 285 (1973)], the Court considered whether Congress intended, in enacting the Fair Labor Standards Act (FLSA), to lift the States' Eleventh Amendment immunity. It found that the legislative history of the statute did not indicate that Congress 'desired silently to deprive the States

---

*Moss v. Columbus Bd. of Ed.*, 2001 WL 1681117, *9 (S.D. Ohio Sept. 27, 2001) (Sargus, J.) ("[I]n enacting the § 1985 conspiracy statute, Congress did not abrogate the State's Eleventh Amendment immunity from suit.") (citing *Rucker v. Higher Ed. Aids Bd.*, 669 F.2d 1179, 1184 (7th Cir. 1982));

*Cantu v. MDOC*, 2007 WL 2413103, *5 (E.D. Mich. Aug. 21, 2007) (Steeh, J.) ("[A] federal conspiracy claim under § 1985 is barred by Eleventh Amendment immunity . . . .") (citation omitted);

*Harper v. Kentucky DOC*, 2007 WL 204002, *1 (E.D. Ky. Jan. 24, 2007) (Wilhoit, J.) ("To the extent that the plaintiff has brought this action against the KDOC, he is advised that it is an agency of the Commonwealth of Kentucky, and the Eleventh Amendment prohibits actions under § 1983 and § 1985 against states and state agencies.");

*Farmer v. Tenn. Dep't of Safety*, 2006 WL 2128882, *2 (E.D. Tenn. July 27, 2006) (Jordan, J.) ("A state and its agencies are also immune under the Eleventh Amendment from suits brought under §1985.'") (citing *Abe v. Michigan Dep't of Consumer & Indus. Servs.*, No. 99-1813, 2000 WL 1176878, *1 (6th Cir. Aug. 9, 2000));

of an immunity they have long enjoyed under another part of the Constitution.'"). *See, e.g., Tittl v. Ohio*, 2008 WL 2008 WL 731035, *4 (N.D. Ohio Mar. 17, 2008) (Christopher Boyko, J.) ("In view of the law in this Circuit, and finding no waiver of the defense * * * Northcoast is entitled to summary judgment on Tittl's FLSA and FLSA retaliation claims on the basis of sovereign immunity.").[6]

## DISCUSSION:
## TITLE VII CLAIM (Count 1)

Our Circuit holds that Eleventh Amendment immunity does not bar Title VII claims against state-government entities and their employees in their official capacities, because Congress abrogated that immunity by enacting Title VII under the Fourteenth Amendment's enforcement clause. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000) (citing *Alden v. Maine*, 527 U.S. 706 (1999) and *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976)); *see also Freeman v. Michigan Dep't of State*, 808 F.2d 1174, 1177 (6th Cir. 1987) (citing *Fitzpatrick*, 427 U.S. 445). Accordingly, the court considers whether there are any other obstacles, on the merits or otherwise, to Rayyan's Title VII claim, the second count of the amended complaint, surviving this motion to dismiss.

As the defendants note, Rayyan's Title VII claim of racial, national-origin, and religious

---

[6]

*Accord US ex rel. Rodgers v. State of Arkansas*, 154 F.3d 865, 868 (**8th Cir.** 1998) ("[T]he Eleventh Amendment is a bar to suit against a state for violations of the Fair Labor Standards Act.") (citing *Moad v. Arkansas State Police Dep't*, 111 F.3d 585 (8th Cir. 1997));

*Abril v. Commonwealth of Virginia*, 145 F.3d 182, 191 (**4th Cir.** 1998) ("We therefore affirm the district court's rulings that Congress's attempted abrogation in 1974 of the States' immunity from FLSA damage suits in federal court was not a valid exercise of its power under the Commerce Clause nor under the enforcement powers conferred by Section 5 of the Fourteenth Amendment . . . .") (footnote omitted).

discrimination cites the defendants' hiring him as a Level 12 environmental engineer instead of a Level 13 in August 1999, and the defendants' promoting him to a Level 14 instead of a Level 13 in May 2002.  *See* Am Comp ¶¶ 11-15.

The defendants fail to note, however, that Rayyan also alleges much *later* acts of alleged racial, national-origin and religious discrimination in support of his Title VII claim. *See* Defendants' Motion to Dismiss ("MTD") at 9-15 (section of brief addressing Title VII claim).  Specifically, Rayyan alleges that in September 2006, the defendants improperly and unlawfully promoted one Jason Nairns to the Level 15 position of State Administrative Manager "without the advertisement process", even though Nairns had less seniority, was less qualified than Rayyan for the position, and was not an engineer or an architect, in order to keep Rayyan from applying for and winning that promotion.  *See* Am Comp ¶¶ 18-19.  (Rayyan does not specify whether Nairns is of Arab ancestry, Muslim, or of non-American national origin, but the court assumes *arguendo*, only for purposes of this motion, that Nairns is a white man, not of Arab ancestry, born in the United States of America.)

Rayyan further alleges that sometime around September 2006, the Department "mysteriously changed/eliminated" Nairns' now-vacant former position as Level 14 Building Construction Specialist.  *See* Am Comp ¶ 19.  Similarly, Rayyan alleges that on about May 31, 2007, when one Terry McNiel retired from the position of Level 14 Environmental Engineering Specialist with the Design and Construction Division, the Department "mysteriously changed/eliminated" the now-vacant position.  *See* Am Comp ¶ 19.  Rayyan believes and alleges that the Department eliminated these two positions in order to prevent him from applying for, and winning, promotions into one of them.  *Id.*  Finally, Rayyan alleges that

> [o]n many occasions, between April 22, 1998 and October 31, 2007, Plaintiff heard supervisors and coworkers while talking within his earshot, [make] offensive

> comments including religious remarks such as devil and Satan and other intimidating names such as terrorist to refer to him or describe him which made him uncomfortable.

Am Comp ¶ 22.  *See also* Am Comp ¶ 24 ("From April 22, 1998 and [through] October 31, 2007, Plaintiff was identified or referred to many times as 'Devil', 'Satan', 'Terrorist', 'Brat', and 'Bastard.'  He was told to go back home (i.e. Palestine).").

"A Title VII complainant must notify the EEOC of [his] charge within 180 days of the alleged wrongdoing, or 300 days only if the plaintiff notifies a parallel state agency of [his] charge." *Berger v. Medina Cty., Ohio Bd. of Cty. Comm'rs*, – F. App'x –, –, 2008 WL 4428334, *1 (6th Cir. Sept. 30, 2008) (Martin, Rogers, Sutton) (citing 42 U.S.C. § 2000e-5(e)(1)).

Rayyan alleges that he filed a Charge of Discrimination with the EEOC on February 5, 2007 and not earlier.  He does not allege that he filed a Charge with, or otherwise notified, the parallel Michigan agency, at any time.  *See* Am Comp, Section 9 entitled Administrative Process, ¶ 41 ("Plaintiff couldn't file a complaint earlier than February 5, 2007, because his condition had affected his thought processes causing mental confusion and diminished clarity of thought.  The Defendants are well organized in a conspiratorial and premeditated purpose to maliciously harm the plaintiff.  He contacted the police and the phone company but he was not getting any help.") and ¶ 42 ("Plaintiff exhausted the employer administrative process.") and ¶ 43 ("The Plaintiff complied with the filing requirements under Title VII.  The U.S. Equal Employment Opportunity Commission (EEOC) issued a 'Right to Sue Civil Action' letter and this case was filed within 90 days from receiving the letter.").

Because Rayyan filed his Charge with the EEOC and did not, so far as the record reflects, notify the parallel Michigan agency, 42 U.S.C. § 2000e-5(e)(1) required him to assert the Charge

within 180 days of any allegedly discriminatory act for which he seeks to recover under Title VII. None of the acts or omissions mentioned by Rayyan as alleged violations of Title VII occurred less than 180 days before he filed the Charge. Therefore, this court lacks subject-matter jurisdiction to entertain Rayyan's Title VII claim. *See, e.g., Mynatt v. Lockheed Martin Energy Sys., Inc.*, 271 F. App'x 470, 478 (6th Cir. 2008) (p.c.) (Boggs, Batchelder, Griffin) ("Mynatt filed his EEOC complaint on October 25, 1999. Therefore, he is time-barred from complaining of any discriminatory acts occurring more than 300 days before that date.").

Although Rayyan has not raised the issue, the court notes that the 180-day (or 300-day) time period for filing a charge of discrimination with the EEOC is subject to equitable tolling. *Austion v. City of Clarksville*, 244 F. App'x 639, 647 (6th Cir. 2007) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). The continuing-violations theory is an equitable doctrine that can toll the limitations period. The Supreme Court has curtailed the continuing-violations doctrine when applied to discrete discriminatory acts, but our Circuit recognizes that the doctrine still applies to "discrete discriminatory acts that are part of a 'longstanding and demonstrable policy of discrimination.'" *Austion*, 244 F. App'x at 647 (citing *Morgan*, 536 U.S. at 114, and *Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003)).

To establish a longstanding and demonstrable policy of discrimination – as needed to toll the limitations period under the continuing-violations doctrine – the plaintiff must demonstrate something more than the existence of discriminatory treatment in his case." *Austion*, 244 F. App'x at 647 (citing *Haithcock v. Frank*, 958 F.2d 671, 679 (6th Cir. 1992)). Rather, the plaintiff "must establish that the employer's 'standard operating procedure' included intentional discrimination against the class of which plaintiff was a member." *Austion*, 244 F. App'x at 647 (citing *Sharpe*,

319 F.3d at 269 (quoting *EEOC v. Penton Indus. Pub. Co.*, 851 F.2d 835, 838 (6th Cir. 1988)). Unrelated incidents of discrimination will not suffice; rather there must be a continuing over-arching policy of discrimination. *Austion*, 244 F. App'x at 647 (citing *LRL Props. v. Portage Metro. Hsg. Auth.*, 55 F.3d 1097, 1106 (6th Cir. 1995)). Generally this exception is strictly construed and is satisfied only where the defendant has a known policy or rule supporting discrimination. *See Austion*, 244 F. App'x at 647 (citing as examples *Dixon v. Anderson*, 928 F.2d 212, 217 (6th Cir. 1991) and *Alexander v. Local 496, Laborers Int'l Union*, 177 F.3d 394, 408-09 (6th Cir. 1999) and *Jackson v. Quanex Corp.*, 191 F.3d 647, 668 (6th Cir. 1999)).

It is Rayyan's burden to establish the applicability of the continuing-violations exception to 42 U.S.C. § 2000e-5(e)(1)'s 180-day (or 300-day) limitations period. *Haithcock v. Frank*, 958 F.2d 671, 679 (6th Cir. 1992); *accord Celestine v. Petroleos de Venezuela S.A.*, 266 F.3d 343, 352 (5th Cir. 2001) ("[T]he continuing violations does not automatically attach in hostile work environment cases, and the burden remains on the employee to demonstrate [that] an organized scheme led to and included the present violation.") (citation omitted); *Jensen v. Eveleth Taconite Co.*, 130 F.3d 1287, 1303 (8th Cir. 1997) ("We find that all of the plaintiffs . . .have met their burden to establish a continuing violation.").

Rayyan's opposition brief does not address the untimeliness of his Title VII claim generally, let alone attempt to show that the continuing-violations doctrine applies to equitably toll the limitations period. It is not the court's job to conduct research, marshal evidence, or make a party's arguments for him. *See* W.D. MICH. LCIVR 7.1(a) ("All briefs filed in support of or in opposition to any motion shall contain a concise statement in support of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the

other authorities upon which the party relies.")[7]; *accord iMergent, Inc. v. Giani*, 2007 WL 895128, *3( D. Utah Mar., 21 2007) ("As it is not the court's job to craft the parties' arguments for them, the court has no choice but to find iMergent failed to meet its burden under this prong."); *Little v. Mitsubishi Motor Mfg. of America, Inc.*, 2007 WL 418897, *2 n.2 (C.D. Ill. Feb. 2, 2007) ("This Court is not about to perform the necessary analysis . . . if plaintiff's counsel did not feel it was necessary to perform the analysis in his brief before the Court. It is not a court's job to make arguments for a party.") (citing *Hershinow v. Bonamarte*, 735 F.2d 264, 266 (7th Cir. 1984)), *aff'd*, 261 F. App'x 901 (7th Cir. 2008).

This is true notwithstanding the rule that *pro se* litigants are to be accorded some leniency. *See Scarborough v. Wachovia Bank Corp.*, 2006 WL 2828683, *3 (W.D.N.C. Sept. 29, 2006) ("The lenity accorded *pro se* pleadings notwithstanding, it is not the Court's job to formulate arguments or to hunt down the pertinent materials. . . . [T]he defendant is entitled to summary judgment as to each of the plaintiff's claims."); *Hartwell v. US*, 2005 WL 3478380, *7 (E.D. Mich. Dec. 20, 2005) (Gadola, J.) (although habeas petitioner was proceeding *pro se*, the court remarked, "It is not this Court's job to scour the record for information and evidence that could potentially corroborate and support Petitioner's argument.") (citations omitted).

---

[7]

*Cf.* FED. R. APP. P. 28(a)(8) (appellant's brief must contain "a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings") and FED. R. APP. P. (9)(a) (appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). *See, e.g., US v. Phibbs*, 999 F.2d 1053, 1080 n.12 ("Is it not our function to craft an appellant's argument . . . ."); *accord Al Yatim v. Mukasey*, 531 F.3d 584, 588 n.2 (8th Cir. 2008) ("it is not this court's job to research the law to support an appellant's argument") (quoting *Viking Supply v. Nat'l Cart Co., Inc.*, 310 F.3d 1092, 1099 (8th Cir. 2002)); *US v. Papia*, 910 F.2d 1357, 1363 (7th Cir. 1990) (same).

## SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS

That leaves Rayyan's state-law claims. Preliminarily, the court notes that "'[s]upplemental jurisdiction is a doctrine of discretion . . . not of right.'" *Hendrixson v. BASF Const. Chems. LLC*, – F. Supp.2d –, –, 2008 WL 3915156, *20 (W.D. Mich. Aug. 20, 2008) (Paul L. Maloney, C.J.) (quoting *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003)); *see also Baer v. R&F Coal Co.*, 782 F.2d 600, 602 (6th Cir. 1986) (p.c.) (Krupansky, Guy, U.S.D.J. Suhrheinrich) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *Lake v. Granholm*, 2008 WL 724162, *14 (W.D. Mich. Mar. 17, 2008) (Robert J. Jonker, J.) (quoting *Habich*).

Having disposed of Rayyan's federal claims, the court exercises its discretion under 28 U.S.C. § 1367(c)(3) and declines supplemental jurisdiction over the claims which arise under state law. *See Allen v. City of Sturgis*, 559 F. Supp.2d 837, 852 (W.D. Mich. 2008) (Maloney, J.) (citing, *inter alia*, *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claim should not ordinarily reach the plaintiff's state-law claims.") (citing 28 U.S.C. § 1367(c)(3) and *Gibbs*, 383 U.S. at 726 ("Certainly if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.")), *cert. denied*, – U.S. –, 127 S.Ct. 1832 (2007)); *see also Musson Theatrical, Inc. v. Fed Ex Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . .").

The interests of justice and comity are best served by deferring to Michigan's courts, which are best equipped to interpret and apply their own State's law in the first instance. *See Allen*, 559 F. Supp.2d at 852 (citing, *inter alia*, *Widgren v. Maple Grove Twp.*, 429 F.3d 575, 585 (6th Cir. 2005) ("We hold that the district court did not abuse its discretion in declining to exercise

supplemental jurisdiction over the state law issues based on its consideration of the interests of justice and comity best served by a state court's resolution of the remaining state law claims.")); *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991) (noting that only "overwhelming interests in judicial economy may allow a district court to properly exercise its discretion and decide a pendent state claim even if the federal claim has been dismissed before trial").[8]

To the extent that Rayyan intended to assert a claim under the *Michigan* Freedom of Information Act, the court declines supplemental jurisdiction over that claim as well. *See Parsons*

---

[8]

*See, e.g.,* exercising 28 U.S.C. § 1376(c)(3) discretion to decline supplemental over state-law claims and dismiss those claims without prejudice:

*Thornton v. Fed Ex Corp.*, 530 F.3d 451, 454 n.1 (6th Cir. 2008) (noting, "[t]he district court awarded summary judgment to Fed Ex on plaintiff's claims under federal law and then, declining to exercise continuing supplemental jurisdiction, dismissed the state law claims without prejudice.");

*Michigan Elec. Employees Pension Fund v. Encompass Elec. & Data, Inc.*, 556 F. Supp.2d 746, 782 (W.D. Mich. 2008) (Maloney, J.); *Moscardelli v. Michigan Laborers Health Care Fund*, 2008 WL 762237, *4 n.7 (W.D. Mich. Mar. 19, 2008) (Maloney, J.); *Marr v. Case*, 2008 WL 191326 (W.D. Mich. Jan. 18, 2008) (Maloney, J.);

*Westberg v. Russell*, 2008 WL 205208, *1 (W.D. Mich. Jan. 23, 2008) (Enslen, J.); *Poindexter v. McKee*, 444 F. Supp.2d 783 (W.D. Mich. 2006) (Miles, J.); *Reinhardt v. Dennis*, 399 F. Supp.2d 803, 811 (W.D. Mich. 2005) (McKeague, J.);

*Glover v. Elliott*, 2007 WL 4557853, *5 (W.D. Mich. Dec. 21, 2007) (Bell, C.J.) ("In light of the entry of summary judgment on Plaintiff's federal claims at an early stage . . . , the Court finds no good reason to exercise supplemental jurisdiction over Plaintiff's state law claims.");

*Forner v. Robinson Twp. Bd.*, 2007 WL 2284251, *8 (W.D. Mich. Aug. 7, 2007) (Quist, J.);

*Henderson v. Caruso*, 2007 WL 1876471 (W.D. Mich. June 28, 2007) (adopting R&R of Greeley, M.J.); *Williams v. Grand Rapids Pub. Library*, 2007 WL 3346625, *7 (W.D. Mich. Nov. 9, 2007) (adopting R&R of Scoville, M.J.);

*Herron v. Caruso*, 2005 WL 1862036, *6 (W.D. Mich. Aug. 2, 2005) (Edgar, J.).

*v. Caruso*, 2008 WL 700206, *7 (E.D. Mich. Mar. 13, 2008) (Paul V. Gadola, D.J.).

## ORDER

The motion to dismiss is **GRANTED in part and DENIED without prejudice in part.**

The plaintiff's federal FOIA claim (count 9) is **DISMISSED with prejudice** for failure to state a claim on which relief can be granted, because the federal FOIA does not apply to state-government agencies and departments.

The plaintiff's Title VII claim (count 1) is **DISMISSED with prejudice**, because it is untimely under the statute of limitations set forth in 42 U.S.C. § 2000e-5(e)(1).

The plaintiff's claims under 42 U.S.C. §§ 1981, 1983, and 1985 *etc.* (count 2, part 1) are **DISMISSED with prejudice** because they are precluded by Eleventh Amendment immunity.

The plaintiff's Fair Labor Standards Act claim (count 3) is **DISMISSED with prejudice** because it is precluded by Eleventh Amendment immunity.

Pursuant to 28 U.S.C. § 1367(c), the court **DECLINES SUPPLEMENTAL JURISDICTION** over the plaintiff's state-law claims (count 2 part 2, counts 4-8, count 10), and those claims are **DISMISSED** *without* **prejudice**.

This is a final and appealable order.[9]

---

[9]

*See Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (*en banc*) (Sutton, J.) (whether Eleventh Amendment immunity applies is a legal question that our Circuit reviews *de novo*), *cert. denied*, 547 U.S. 1021 (2006);

*Reynosa v. Schultz*, 282 F. App'x 386, 390-91 (6th Cir. 2008) ("We review a district court's decision to exercise pendent jurisdiction for clear error, meaning that this court will not reverse

**IT IS SO ORDERED this 15th day of October 2008.**

          /s/ Paul L. Maloney      
          Honorable Paul L. Maloney
          Chief United States District Judge

---

unless the court below 'relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard . . . .'") (citing *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) and quoting *US v. Chambers*, 441 F.3d 438, 446 (6th Cir. 2006)).